**WADE et al. v. STIMSON et al.**

**Civ. 26873.**

District Court of the United States for the District of Columbia.

April 10, 1946.

**Carl J. JOHNSON, Plaintiff, v. BUTLER BROS., a Corporation, Defendant.**

**George M. STIMAC, Plaintiff, v. SAME.**

**Gunnard HENDRICKSON, Plaintiff, v. SAME.**

**Civil Actions Nos. 611–613.**

District Court, D. Minnesota, Fifth Division.

April 16, 1946.

John W. Piester, of Detroit, Mich., and Paul B. Elcan, of Washington, D.C., for plaintiffs.

John F. Sonnett, Asst. Atty. Gen., and Edward M. Curran, U. S. Atty., Walker Lowry, Atty., Dept. of Justice, and A. Morris Kobrick, Atty., Dept. of Justice, all of Washington, D. C., for defendants.

Before EDGERTON, Associate Justice, United States Court of Appeals, District of Columbia, and BAILEY and LETTS, Associate Justices, District Court of the United States for the District of Columbia, sitting as a statutory three-judge court.

BAILEY, Associate Justice.

This is an action to prevent defendants from enforcing a claim arising under the Renegotiation Statutes and the amendments thereto, 50 U.S.C.A.Appendix § 1191, the contention of the plaintiffs being that the statute is unconstitutional.

The plaintiffs are partners doing business at two locations in Detroit, Michigan. Their business is the precision manufacture of tools, dies, etc., in accordance with the

specifications of their customers, to be used in fabricating war materials to be sold to the United States. During 1944 plaintiffs entered into numerous contracts for the construction of these tools, etc. These contracts, however, were not directly with the United States and for the purposes of renegotiation the status of the plaintiffs is that of subcontractors only.

In September, 1944, the Under Secretary of War determined that during the year 1942 the plaintiffs realized excessive profits in the sum of over $400,000 and directed a refund to the United States of this amount, less taxes. Upon the failure of the plaintiffs to make this refund, the government directed prime contractors, doing business with the Government, to withhold for the account of the United States sums otherwise payable to the plaintiffs.

The plaintiffs claim that the renegotiation laws are unconstitutional as applied to them; that in any event they were not subcontractors within the meaning of the Renegotiation Law, and that the question of whether or not they were subcontractors within the purview of the renegotiation statute is a judicial as well as a jurisdictional fact that must be decided by the court. Plaintiffs, nevertheless, have begun proceedings before the Court of Tax Appeals seeking de novo determinations as to whether and in what amount they have realized excess profits subject to recapture under the Renegotiation Act.

We think this case is governed by the case of Macauley et al. v. Waterman Steamship Corporation, 66 S.Ct. 712, 714, in which the claim was made that the contracts involved in that case were not covered by the Renegotiation Act. In that case the Court said: " * * * A contractor aggrieved by the Chairman's determination of excessive profits may have them redetermined in a 'de novo' proceeding before

the Tax Court. Section 403(e) (1) of the Act provides that the Tax Court 'shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits * * *.' Contrary to respondent's contention that this language limits the Tax Court's jurisdiction so as not to include the power to decide questions of coverage, we think the language shows that the Tax Court has such power. For a decision as to what are and are not negotiable contracts is an essential part in determining the amount of a contractor's excessive profits. The legislative history of the Renegotiation Act, moreover, shows that Congress intended the Tax Court to have exclusive jurisdiction to decide questions of fact and law, which latter include the issue raised here of whether the contracts in question are subject to the Act. In order to grant the injunction sought the District Court would have to decide this issue in the first instance. Whether it ever can do so or not, it cannot now decide questions of coverage when the administrative agencies authorized to do so have not yet made their determination. Here, just as in the Myers case [Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638], the administrative process, far from being exhausted, had hardly begun. The District Court consequently was correct in holding that it lacked jurisdiction to act."

We are also of the opinion that this case is governed by the cases of Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, and Aircraft & Diesel Equipment Corporation v. Hirsch et al., D.C., 62 F.Supp. 520, there being an adequate remedy at law, and the administrative remedies not having been exhausted.

The motion of the defendants for a summary judgment, there being no material issues of fact, will be sustained.